UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NATHANIEL ANDERSON**                                   **CIVIL ACTION**

**VERSUS**                                               **NO. 22-753-BAJ-RLB**

**LIBERTY MUTUAL FIRE INSURANCE
COMPANY, ET AL.**

## ORDER

Before the Court is Defendants' Motion to Compel filed on December 21, 2023. (R. Doc. 40). Plaintiff has not filed any opposition as of the date of this Order. Accordingly, the Motion to Compel is unopposed. LR 7(f).

**I.    Background**

On October 7, 2022, Nathaniel Anderson ("Plaintiff") commenced this action to recover under a homeowner's insurance policy, naming as defendants Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, and Liberty Personal Insurance Company (collectively, "Defendants" or "Liberty"). (R. Doc. 1). Plaintiff seeks recovery for breach of contract, as well as bad faith damages, for alleged failure to pay for insured loss incurred as a result of Hurricane Delta after its landfall on October 9, 2020.

The adjudication of this action has been delayed in light of the withdrawal of Plaintiff's original counsel. (*See* R. Doc. 20). The current Scheduling Order sets the deadline to complete all non-expert discovery by June 17, 2024. (R. Doc. 39).

On August 14, 2023, Defendants served written discovery requests on Plaintiff, which consisted of 15 Interrogatories, 15 Requests for Production of Documents, and 7 Requests for Admission. (R. Doc. 40-1).

On September 14, 2023, Plaintiff provided responses to the written discovery requests without raising any specific objections. (R. Doc. 40-2). Plaintiff answered each interrogatory with the following: "Provided with Initial disclosure." (R. Doc. 40-2 at 4-6). Plaintiff responded to each request for production with the following: "Will be provided upon receipt." (R. Doc. 40-2 at 7-9). Finally, Plaintiff denied each request for admission without qualification. (R. Doc. 40-2 at 9-10). Plaintiff simultaneously served his Rule 26(a) initial disclosures. (R. Doc. 40-3).

On October 30, 2023, counsel for the parties held a telephone conference "to address the issues raised in this motion," with Plaintiff's counsel representing that supplemental responses would be provided. (R. Doc. 40 at 2-3).

On November 22, 2023, Plaintiff produced "two (2) photographs of a partially detached window shutter." (R. Doc. 40 at 2; *see* R. Doc. 40-4). No additional written responses were provided.

On December 21, 2023, Defendants filed the instant Motion to Compel, which moves the Court to "(i) order plaintiff to supplement [his] inadequate responses to Liberty's Interrogatories, Requests for Production, and Requests for Admission" and to "(ii) award Liberty attorneys' fees and expenses incurred in filing the motion pursuant to Rule 37(a)(5)(C)." (R. Doc. 40 at 2). Plaintiff did not file any response within the time allowed by Local Rule 7(f).

**II.    Law and Analysis**

    **A.    Interrogatories and Requests for Production**

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to interrogatories and requests for production in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for

2

appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

The Court agrees with Defendants that the answers and responses to the interrogatories and requests for production are evasive or incomplete. Rule 33 requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Plaintiff's blanket response to each interrogatory that the answer is "Provided with Initial disclosure" is evasive and incomplete, particularly given that the referenced initial disclosures do not address the information sought by most of the interrogatories. Similarly, Plaintiff's blanket response to each request for production that the sought documents "Will be provided upon receipt" does not raise any viable objections or identify what, if any, documents are in the custody or control of Plaintiff. *See* Fed. R. Civ. P. 34(a)(1); 34(b)(2)(B)-(C). Accordingly, this blanket response to the requests for production is also incomplete and evasive.

Based on the foregoing, the Court will require Plaintiff to supplement his responses to Defendants' interrogatories and requests for production by providing complete and non-evasive responses. As Plaintiff did not make any timely objections to Defendants' interrogatories or requests for production, the Court finds that Plaintiff has waived his objections to these written discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."); *see* Fed. R. Civ. P. 33(b)(4)

3

("Any grounds not stated in a timely objection is waived unless the court, for good cause, excuses the failure"); Fed, R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").

Plaintiff may, however, object to interrogatories and requests for production to the extent they seek identification of trial witnesses, expert reports, trial exhibits, or other information prior to the deadlines set forth in the Court's Scheduling Order.

B.  **Requests for Admission**

"Rule 37 does not, however, provide for a motion to compel answers to Rule 36 requests for admission nor does it contemplate a motion to deem requests admitted." *Am. Auto Brokers on Line, LLC v. J & P Se. Auto Brokers, LLC*, No. 23-1885, 2023 WL 8281510, at *3 (E.D. La. Nov. 30, 2023)); *see St. Bernard Par. v. Lafarge N. Am., Inc.*, No. 11-2350, 2016 WL 1660174, at *1 (E.D. La. Apr. 27, 2016) (citing Fed. R. Civ. P. 37(a)(3)(B)).

"[T]he Federal Rules provide two avenues for challenging a party's answer to a request for admission: Rule 36(a)(6), which addresses the *form* of the answer, and Rule 37(c)(2), which addresses the answer's factual *accuracy*:" *Johnson v. Gooden*, No. 20-118, 2021 WL 1030991, at *1 (M.D. La. Mar. 17, 2021). Rule 36(a)(6) provides that "[t]he requesting party may move to determine the sufficiency of an answer" and that, "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). "As a general matter, Rule 36(a)(6) does not authorize the Court to order a party to provide a different answer to a request for admission because the requesting party believes that the proffered answer is false or is not credible." *VeroBlue Farms USA Inc. v. Wulf*, No. 19-764, 2021 WL 5176839, at *17 (N.D. Tex. Nov. 8, 2021). "Rather, 37(c)(2) makes sanctions available as to Rule 36 requests where 'a party fails to admit what is

4

requested under Rule 36 and [ ] the requesting party later proves a document to be genuine or the matter true.'" *Id*. (quoting Fed. R. Civ. P. 37(c)(2)).

To the extent necessary, the Court will construe the instant Motion to Compel as a motion to determine the sufficiency of Plaintiff's denials of the requests for admission under Rule 36(a)(6). Defendants essentially argue that Plaintiff (through counsel) was in no position to deny the requests for admission given the lack of complete responses to the interrogatories and requests for production. For example, Plaintiff denies that he is "not asserting any claim" for damage to personal property or contents, for loss of use or additional living expenses, or for any detached, appurtenant structures. (*See* R. Doc. 40-2 at 10). But Plaintiff failed to provide information in response to interrogatories and requests for production—or in his initial disclosures—identifying any specific damages. (*See* R. Doc. 40-2 at 4-9; R. Doc. 40-3 at 3).

Plaintiff has been provided an opportunity to explain the bases for denying the requests for admission, but failed to file any opposition. The Court recognizes, however, that Rule 36(a)(6) does not provide any authority to order Plaintiff to modify his denials to the requests for admission. The denials are not qualified and comply with the form required by Rule 36(a)(4).

Nevertheless, the Court will require Plaintiff to review, and supplement if necessary, his answers to the requests for admission in light of the supplemental answers and responses to the interrogatories and requests for production required by this Order. *See* Fed. R. Civ. P. 26(e)(1)(B). Plaintiff is reminded that a failure to admit, if Defendants ultimately prove that the denied matter is true, may subject Plaintiff to sanctions. *See* Fed. R. Civ. P. 37(c)(2).

### C.     Sanctions under Rule 37(a)(5)(A)

Defendants seek an award of sanctions under Rule 37(a)(5). Sanctions under this rule applies to an award of expenses with respect to both a motion to compel supplemental responses

to interrogatories and requests for production under Rule 37(a)(3)(B), and a motion regarding the sufficiency of any answer under Rule 36(a)(6).

If the motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The "court must not order" an award of expenses if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The Court may "apportion the reasonable expenses for the motion" if it is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(C).

Having considered the record, the Court will award reasonable expenses incurred in bringing the instant motion as allowed Rule 37(a)(5). The Court has granted the relief under Rule 37 with respect to the interrogatories and requests for production. In light of this relief, the Court will also require Plaintiff to review his denials of the requests for admission, and supplement those responses as necessary. Given Plaintiff's inexplicable failure to file any opposition or otherwise address the merits of the instant motion, the Court does not find any circumstances for denying an award of reasonable expenses.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 40) is **GRANTED**. Plaintiff shall provide complete and non-evasive supplemental responses to the interrogatories and requests for production at issue, without objections other than those pertaining to any applicable privileges or immunities or as otherwise stated in this Order, within **7 days** of the date

6

of this Order. In addition, Plaintiff shall provide supplemental responses to the requests for admission in light of the foregoing supplemental responses, within **7 days** of the date of this Order.

    **IT IS FURTHER ORDERED** that Defendants are entitled to an award of the reasonable attorney's fees and costs incurred in bringing the Motion to Compel, and that Plaintiff shall be responsible for such payment. In connection with these awards, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff and/or counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendants may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within **7 days** of the filing of Defendants' Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Defendants.

Signed in Baton Rouge, Louisiana, on January 22, 2024.

                                                                            **RICHARD L. BOURGEOIS, JR.**
                                                                            **UNITED STATES MAGISTRATE JUDGE**

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances and that a reasonable award under Rule 37 may be less than the actual fees incurred.